UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward Lee Elmore, | ) | Civil Action No.: 3:13-cv-01755-TLW-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | |
| City of Greenwood, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a former state prisoner, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court[1] on Plaintiff's Motion to Compel and Motion to Expand Interrogatories Limit, ECF No. 62, directed at Defendant City of Greenwood. Defendant filed an opposition to Plaintiff's Motion on April 28, 2014. ECF No. 64. This court held a hearing via telephone on June 18, 2014, at which time the Motion was taken under advisement. ECF No. 77. Having considered the parties' arguments as well as their briefs and related filings, the court grants Plaintiff's Motion as set forth herein.

Plaintiff's Motion to Compel

In his Motion to Compel, Plaintiff seeks an order compelling Defendant to respond or more fully respond to Plaintiff's First Set of Interrogatories. ECF No. 62 at 1. Here, Defendant answered only the first 12 of 20 numbered interrogatories served by Plaintiff. ECF No. 62-2. Defendant claimed the interrogatories include unrelated subparts and exceed the 25 interrogatory limit of Federal Rule of Civil Procedure 33. ECF No. 62-6. In his Motion, Plaintiff argues that an interrogatory containing subparts should not be counted multiple times pursuant to Rule 33 if the

---

[1] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983.

subpart is logically or factually subsumed within and necessarily related to the primary question. ECF No. 62 at 3. Plaintiff argues that the subparts of its interrogatories "are clearly tied to the common theme of each interrogatory and should not be counted separately." *Id.* at 7. Therefore, Plaintiff maintains he has only served 20 interrogatories on Defendant which is within the limit imposed by Rule 33. *Id.* In response, Defendant disagrees and maintains that separate questions should be counted as separate interrogatories, though they may be related. ECF No. 64 at 3. Further, Defendant argues that though subparts may be related to a common theme, that is not enough to conclude that those subparts should not be counted as discrete and separate from the initial interrogatory. *Id.* At the hearing Plaintiff clarified that he was not challenging the sufficiency of Defendant's responses to the answered interrogatories, but was seeking an order compelling Defendant to respond to unanswered interrogatories.

Pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Federal Rule of Civil Procedure 37 provides that if a party fails to respond to discovery, the party seeking discovery may move for an order compelling production. The decision to grant or to deny a motion to compel discovery rests within the broad discretion of the trial court. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.,* 43 F.3d 922, 929 (4th Cir. 1995) (holding the "Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (internal citation omitted); *LaRouche v. Nat'l Broad. Co., Inc.*, 780 F.2d 1134, 1139 (4th Cir. 1986) (holding "[a] motion to compel discovery is addressed to the sound discretion of the district court.").

In discussing whether an interrogatory containing subparts should count as one or multiple interrogatories under Rule 33, the Advisory Committee Notes indicate that "[p]arties cannot evade

this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects." Advisory Committee's Note on Fed. Rule Civ. Proc. 33, 146 F.R.D. 401, 675 (1993). However, the Advisory Committee also noted that "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." *Id.* at 675-76. Federal Practice and Procedure Commentators Wright, Miller and Marcus have looked to advisory committee notes on the subject and found "an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question, [and] an interrogatory with subparts inquiring into discrete areas is likely to be counted as more than one for purposes of the limitation." 8B Wright, Miller, and Marcus, *Federal Practice and Procedure*, § 2168.1 (3d ed. Supp. 2013).

In *Mezu v. Morgan State University*, the court held: "An interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, but an interrogatory with subparts inquiring into discrete areas is more likely to be counted as more than one for purposes of limitation." 269 F.R.D. 565, 572-73 (D. Md. 2010) (internal citation omitted). In determining whether subsequent questions within one interrogatory are subsumed, the court instructed parties to "examine whether the first question is primary and subsequent questions are secondary to the primary question. . . ." *Id.* at 573. Upon examination, genuine subparts should not be counted as a separate interrogatory, while discrete or separate questions should be counted as separate under Rule 33. *Id.* In its application of Rule 33, the *Mezu* court found that a question about the positions plaintiff held at Morgan State University, including subparts establishing her hire date, salary, and supervisors counted as one interrogatory. *Id.* However other subparts of the same interrogatory, such as why plaintiff changed positions and pay rates of other faculty members, were separate questions. *Id.*

Considering the above authorities, the undersigned has reviewed Plaintiff's Interrogatories, ECF No. 62-1, and found that a total of 26 interrogatories were served on Defendant. Specifically, the undersigned found that interrogatories (1), (6), (7), (8), and (9) contained more than one question to Defendant and should be considered separate from the primary question of the numbered interrogatory. However, the other interrogatories should not be considered separate or more than one question to Defendant because the subparts elicit details concerning the common theme of the numbered interrogatory. For reasons set forth above as well as in the next section, Plaintiff's Motion to Compel is granted, and Defendant is instructed to answer Plaintiff's interrogatories completely.

<u>Plaintiff's Motion to Expand Interrogatories Limit</u>

In his Motion to Expand Interrogatories Limit, Plaintiff seeks an order to "expand the number of interrogatories allowable per defendant in this case to provide Plaintiff with the full opportunity to investigate his claims." ECF No. 62 at 1. Specifically, Plaintiff requests the court allow him up to 50 interrogatories "based on the complexity of the issues and the over thirty-years of history involved in Plaintiff's claims." *Id.* at 8. In its response, Defendant disagrees that the case is "complex" and argues that "Plaintiff has had access for over thirty years to pleadings, transcripts, records, documents and physical evidence related to the allegations of his Amended Complaint." ECF No. 64 at 6. Because Defendant alleges Plaintiff already has pertinent information necessary to prosecute the case, it requests the court deny Plaintiff's request. *Id.*

Pursuant to Rule 33(a)(1), "[l]eave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Therefore, the principles of Rule 26(b)(2), guide the court's decision on whether to grant Plaintiff's request to expand the interrogatory limit. Based on the many years of litigation concerning this case and the complexity of the issues involved,

this court will exercise its discretion under Rule 33 and relax the limitation on the number of interrogatories Plaintiff may serve. Each party will be allowed to propound a total of 35 interrogatories, including all discrete subparts, to the other side in this case. "Neither party should attempt to circumvent the clear import of this rule by including subparts to an interrogatory that should count as a numbered interrogatory." *Curtis v. Time Warner Entm't-Advance/Newhouse P'ship*, No. 3:12-CV-2370-JFA, 2013 WL 2099496 at * 1 (D.S.C. May 14, 2013). Accordingly, Plaintiff's Motion to Expand Interrogatories Limit, ECF No. 62, is granted, but the interrogatory limit is expanded to 35 rather than the 50 Plaintiff requested.

    IT IS SO ORDERED.

June 19, 2014                      Kaymani D. West
Florence, South Carolina        United States Magistrate Judge