IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward Lee Elmore, | ) | C/A No.   3:13-cv-01755-TLW-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| City of Greenwood, County of Greenwood, | ) | |
| Lucille C. Young, as personal | ) | |
| representative for the Estate of Police | ) | |
| Chief John Young in his official and | ) | |
| individual capacities, James S. Coursey in | ) | |
| his individual capacity, Mary Dickenson, | ) | |
| as personal representative for the Estate of | ) | |
| Perry Dickenson in his individual capacity, | ) | |
| Alvin R. Johnson in his individual | ) | |
| capacity, Gary Vanlerberghe in his | ) | |
| individual capacity, John T. Owen in his | ) | |
| individual capacity, Thomas W. | ) | |
| Henderson, Jr. in his individual capacity, | ) | |
| Thomas W. Henderson, Jr. in his individual | ) | |
| capacity, William Earl Wells in his | ) | |
| individual capacity, Frank Dan DeFreese in | ) | |
| his individual capacity, Ira Byrd Parnell, Jr. | ) | |
| in his individual capacity, John C. Barron | ) | |
| in his individual capacity, Selma G. Jones, | ) | |
| as personal representative of the Estate of | ) | |
| William T. Jones, III, in his individual | ) | |
| capacity, W. Townes Jones, IV, in his | ) | |
| individual capacity, Selma Thorne Jones in | ) | |
| her individual capacity, Donald John | ) | |
| Zelenka in his individual capacity, Jerry | ) | |
| W. Peace in his individual capacity, | ) | |
| Dorothy Capps, as personal representative | ) | |
| for the Estate of Arlie P. Capps in his | ) | |
| individual capacity, Dr. Sandra Conradi, | ) | |
| and John and Jane Does 1-10, in their | ) | |
| official and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

I. Introduction

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging civil conspiracy and violations of Plaintiff's constitutional rights guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Plaintiff also asserts state law claims for civil conspiracy and defamation. Presently before the court is Defendant Donald John Zelenka's Motion to Dismiss. ECF No. 31. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because this Motion is potentially dispositive of Plaintiff's claims against Zelenka, this Report and Recommendation is entered for review by the district judge.

II. Background

Plaintiff was convicted of the January 1982 murder of Dorothy Edwards. State proceedings in this case encompassed three trials and related appeals over eight years, followed by another 14 years of state post-conviction relief ("PCR") litigation. *Elmore v. Ozmint*, 661 F.3d 783, 786 (4th Cir. 2011). Plaintiff filed his 28 U.S.C. § 2254 petition for habeas corpus relief in this court in July of 2005. On November 22, 2011, the Fourth Circuit reversed the judgment of this court denying habeas relief and remanded the action to award Plaintiff a writ of habeas corpus unless the State sought to prosecute him in a new trial within a reasonable time. *Id.* at 873. On March 2, 2012, Plaintiff entered an *Alford*[1] plea, was sentenced to 30 years of time served, and was released from custody. ECF No. 5 ¶¶ 157-58.

Following his release, Plaintiff filed suit under § 1983 against numerous defendants "for certain illegal and unconstitutional actions taken by the State of South Carolina and its agencies . . . that led to the false arrest and unlawful conviction of [Plaintiff] and his sentence to death." ECF No. 5 at 2. Plaintiff asserts that, at all times relevant to this action, Defendant

---
[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

Zelenka was an Assistant Deputy Attorney General for the State of South Carolina and active in the Elmore trials and post-conviction proceedings. *See* ECF No. 5 ¶ 29. Plaintiff alleges that Defendant Zelenka, "in his investigative capacity and for administrative or ministerial actions and omissions," intentionally and knowingly refused to disclose exculpatory evidence to Plaintiff's defense team and conspired with others to hide this evidence and use fabricated evidence at trial. *Id*. ¶¶ 29, 109, 114-16, and 169(o). Plaintiff also alleges that Defendant Zelenka conspired with the Solicitor's Office of the Eighth Judicial Circuit and Solicitor Jerry W. Peace to delay Plaintiff's release following habeas relief by filing frivolous state and federal motions to intentionally delay Plaintiff's bond hearing. *Id*. ¶¶ 153-54. Finally, Plaintiff alleges causes of action against Defendant Zelenka for substantive and procedural due process violations under § 1983, conspiracy to violate Plaintiff's rights to due process and a fair trial under § 1983, and state law civil conspiracy.[2]

III.     Standard of Review

Under Rule 8(a)(2), Plaintiff must only plead "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). In order for Plaintiff's Complaint to survive Defendant Zelenka's Rule 12(b)(6) Motion to Dismiss, Plaintiff does not need to plead detailed factual allegations in his Complaint. *See id*. However, the United States Supreme Court has held that a plaintiff's grounds for relief requires more than just stating legal conclusions and elements of a cause of action. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that, on a motion to dismiss, a court is "not bound to accept as true a legal

---

[2] Plaintiff has withdrawn his state law claim for defamation against Defendant Zelenka. *See* ECF No. 42 at 15.

conclusion couched as a factual allegation."). Plaintiff's complaint must contain sufficient factual allegations that make a claim for relief plausible, not just possible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp.*, 550 U.S. at 570. This court must accept Plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *See E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011).

IV.  Discussion

A.  Law Applicable to Common Law Absolute Prosecutorial Immunity Claim

In his Motion to Dismiss, Defendant Zelenka argues that he is immune from Plaintiff's claims under common law prosecutorial immunity, relying heavily on the holdings of *Imbler v. Pachtman*, 424 U.S. 409 (1976). ECF No. 31 at 6-10. Before considering this argument, review of key cases concerning absolute prosecutorial immunity is appropriate.

1.  *Imbler v. Pachtman*, 424 U.S. 409 (1976)

In *Imbler v. Pachtman*, the United States Supreme Court held that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution and in presenting the State's case was absolutely immune from civil liability under § 1983. 424 U.S. at 430. There, Imbler was granted habeas relief from a first-degree murder conviction. *Id.* at 416. A California district court found that eight instances of misconduct by the State occurred at Imbler's trial. *Id.* at 414. In a subsequent § 1983 action, Imbler brought suit against the prosecutor, Pachtman, and several police officers. *Id.* at 415. Imbler claimed that a conspiracy among the state officers existed to unlawfully charge and convict him of murder. *Id.* at 415-16. Additionally, Imbler claimed Pachtman allowed a witness to give false testimony, suppressed a fingerprint expert's evidence, proceeded with the prosecution with knowledge that a lie detector test had cleared Imbler, and altered a

4

police artist's sketch of the victim's killer made shortly after the crime and used the sketch at trial. *Id.* at 416.

Ultimately, the district court granted Pachtman's Rule 12(b)(6) motion to dismiss and held public prosecutors are immune from "acts done as part of their traditional official function." *Id.* The Ninth Circuit Court of Appeals affirmed the district court, and the United States Supreme Court affirmed that decision after granting certiorari to consider prosecutorial liability. *Id.* at 416-17. The *Imbler* Court held that a prosecutor is immune from suit when his "activities [are] intimately associated with the judicial phase of the criminal process . . . ." *Id.* at 430. In particular, the Court recognized that prosecutorial duties include "initiating a prosecution and [] presenting the State's case . . . ." *Id.* at 431. Moreover, the Court reasoned: "The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages." *Id.* at 424-25.[3]

### 2. *Burns v. Reed*, 500 U.S. 478 (1991)

In a later case, the United States Supreme Court held that a prosecuting attorney is absolutely immune from liability for damages in a § 1983 case for participating in a probable cause hearing, but not for giving legal advice to the police prior to an arrest. *Burns*, 500 U.S. 478. There, Burns called police and claimed "that an unknown assailant had entered her house, knocked her unconscious, and shot and wounded her two sons while they slept." *Id.* at 481. Eventually, police believed Burns was the perpetrator but speculated that she had multiple personalities. *Id.* at 481-82.

---

[3] The *Imbler* Court expressly declined to decide whether absolute immunity extends to "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of an advocate." *Id.* at 430-31.

Reed, the state prosecutor, told police they could question Burns under hypnosis. *Id.* at 482. While hypnotized, Burns referred to both herself and the assailant as "Katie," and police interpreted the references as support for their multiple-personality theory. *Id.* Thereafter, Reed told police that they "probably had probable cause" to arrest her. *Id.* In a subsequent probable-cause hearing, an officer testified about Burns' questioning but did not reveal to the court that the statements were obtained while Burns was under hypnosis. *Id.* at 482-83. Thereafter, the warrant was issued, and Burns was charged with attempted murder. *Id.* at 483. However, charges were eventually dropped when Burns' motion to suppress the statements given under hypnosis was granted before trial. *Id.*

Burns then brought a § 1983 suit against Reed, and the district court granted Reed a directed verdict, finding Reed was absolutely immune from liability for his conduct. *Id.* The Court of Appeals for the Seventh Circuit affirmed, holding that he was absolutely immune from liability for giving legal advice to the officers and for his conduct at the probable-cause hearing. *Id.* On review, the Supreme Court relied on the reasoning in *Imbler* to hold that Reed was entitled to absolute immunity for his actions in the probable-cause hearing because there Reed was acting as an advocate of the state rather than acting as an administrator or investigative officer. *Id.* at 488-92. However, the Court held that Reed was not entitled to absolute immunity for giving legal advice to police because that action was not closely associated with the judicial process. *Id.* at 495. In its holding the Court reasoned "[a]bsolute immunity is designed to free the judicial process from the harassment and intimidation associated with litigation." *Id.* at 494.

3. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)

6

In *Buckley v. Fitzsimmons*, the Supreme Court held that a prosecutor was not entitled to absolute immunity for manufacturing false evidence against Buckley or for defaming Buckley in a press conference. 509 U.S. 259. There, Buckley alleged that Fitzsimmons "shopped" for an expert to establish a link between his boot and a boot print at the crime scene. *Id.* at 272.  However, three other experts had already reviewed the boot and the boot print and were "unable to make a reliable connection between the print and the pair of boots that petitioner had voluntarily supplied . . . ." *Id.* at 262.

The *Buckley* Court held: "When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other." *Id.* at 273 (internal citations omitted). In its reasoning the Court noted that the assistant prosecutors were working "hand in hand" with the sheriff's detectives under the joint supervision of Fitzsimmons and the sheriff. *Id.* at 272. Moreover, the Court reasoned that "[t]here is a difference between the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand." *Id.* at 273. The Court further held that a prosecutor is not an advocate of the State before he has probable-cause to make an arrest. *Id.* at 274.

> B. Defendant Zelenka's Claim of Common Law Absolute Prosecutorial Immunity

In his Motion to Dismiss, Defendant Zelenka argues that he is immune from Plaintiff's claims under common law prosecutorial immunity, relying heavily on the holdings of *Imbler*. *See* ECF No. 31 at 6-10. Though Defendant Zelenka recognizes Plaintiff has characterized his actions as "investigative, administrative, and ministerial," he maintains that

7

Plaintiff's actual specific allegations against him are related to his duties as a prosecutor and are not "investigative, administrative, and ministerial." *Id.* at 9. Because he committed acts in the scope of his duties as a prosecutor, Defendant Zelenka argues that prosecutorial immunity attaches and all claims against him should be dismissed with prejudice. *Id.* at 9-10.

In response, Plaintiff argues that absolute immunity has limits as the United States Supreme Court held in *Burns* and *Buckley*. ECF No. 42 at 4. Specifically, Plaintiff maintains that a prosecutor is not afforded absolute immunity when performing "investigative functions normally performed by a detective or police officer." *Id.* at 5. Here, Plaintiff contends he alleged that Zelenka engaged in several investigative and/or administrative actions. *Id.* Additionally, Plaintiff contends that "at this early stage Defendant's motion to dismiss should be denied to allow Plaintiff the opportunity to conduct discovery regarding the extent of [Defendant] Zelenka's involvement—and the adoption of—the parties' conspiracy." *Id.* at 6-7.

As an initial matter, the undersigned considers Plaintiff's argument that he should be afforded an opportunity to conduct discovery on the absolute immunity issue.[4] However, the United States Supreme Court has instructed that threshold questions concerning immunity should be resolved prior to discovery. *See e.g.*, *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (holding immunity is "*immunity from suit* rather than a mere defense to liability" and stressing "the importance of resolving immunity questions at the earliest possible stage in litigation.") (emphasis in original) (internal citations omitted); *Siegert v. Gilley*, 500 U.S.

---

[4] Additionally, the undersigned notes Plaintiff's request for leave to once again amend his Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure in conjunction with the rules that favor justice in the event the court finds his "complaint is insufficiently pled." ECF No. 42 at 7. The undersigned finds Plaintiff has failed to demonstrate justice requires an amendment in this case. Therefore, Plaintiff's request to amend his Complaint should be denied.

226, 231 (1991) ("Until this *threshold* immunity question is resolved, discovery should not be allowed.") (emphasis in original) (internal citation omitted). The *Siegert* Court reasoned that "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Id.* at 232. Therefore, Plaintiff's request for an opportunity for discovery to further develop specific facts concerning Defendant Zelenka's non-prosecutorial conduct is denied.

The undersigned reviews the allegations in Plaintiff's Amended Complaint to determine whether Defendant Zelenka should be afforded absolute immunity. Specifically, the undersigned will review each of Plaintiff's specific allegations and apply a "functional approach" to examine the nature of the function Plaintiff alleged Zelenka performed. *See Buckley*, 509 U.S. at 269.

1. Withholding Exculpatory Evidence

In his Amended Complaint, Plaintiff alleges that Defendant Zelenka and several other prosecutors intentionally and knowingly refused to disclose several pieces of evidence to his counsel in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). ECF No. 5 ¶¶ 106, 109, 114, and 116. Specifically, Plaintiff maintains the following pieces of evidence were withheld: 16 slides of Edwards' injuries and 15 original photographs the police had taken of the crime scene; another male's fingerprints on an empty sherry bottle; "Item T," which contained hair and fiber samples recovered from Edwards' body during an autopsy; a piece of bedroom carpet; a piece of gum found in Edwards' backyard; and the robe Edwards wore at the time of her murder. *Id.* ¶¶ 101, 107, 113, and 115. Additionally, Plaintiff maintains that Defendant Zelenka regularly met with "co-conspirators" (state and local investigators) and became their

9

conduit for relaying false testimony to the court, as well as perpetuating the concealment of exculpatory evidence. ECF No. 42 at 6.

Assuming these allegations are true, the "functions" Defendant Zelenka allegedly performed fall squarely under *Imbler*. 424 U.S. 409. There, plaintiff accused the state prosecutor of failing to disclose a fingerprint expert's evidence and results of a lie detector test that cleared him. Moreover, Imbler alleged the prosecutor allowed a witness to give false testimony and altered a police artist's sketch of the victim's killer. *Id.* at 416. Nevertheless, the Supreme Court found the prosecutor was immune from suit because his actions were "intimately associated with the judicial phase of the criminal process." *Id.* at 430. Specifically, the Court held that prosecutors are immune from civil suit for initiating a prosecution and presenting the State's case. *Id.* at 431. Furthermore the Court recognized that a prosecutor's "possible knowledge of a witness' falsehoods [and] the materiality of evidence not revealed to the defense" are typical issues prosecutors face in post-conviction-relief trials. *Id.* at 425. Finally, the Court found that "[d]efending these decisions, often years after they were made, could impose unique and intolerable burdens upon a prosecutor responsible annually for hundreds of indictments and trials." *Id.* at 425-26.

Additionally, the Fourth Circuit Court of Appeals addressed the issue of a prosecutor's failure to disclose evidence in *Carter v. Burch*, 34 F.3d 257 (4th Cir. 1994). There, Carter accused Burch of failing to turn over material evidence concerning both statements made by the victim and the victim's emotional state. *Id.* at 260. There was conflicting evidence about whether Burch learned about this evidence before Carter's trial or after Carter's conviction. *Id.* at 262. However, the court held that "[i]n either situation, Burch was clearly protected by absolute immunity" because he was acting as an advocate of the

10

State. *Id.* The *Carter* court reasoned that "[s]uch a decision was clearly intended by *Imbler* to be the type of prosecutorial function for which absolute immunity should be granted." *Id.* Finally, the court held: "The decision whether to turn this evidence over to defense counsel would have occurred after Carter's arrest, but before his conviction, and is clearly part of the presentation of the State's case." *Id.* at 263.

Here, Plaintiff argues that Defendant Zelenka "became involved in Plaintiff's prosecution during the appellate phase [] and served as an attorney on Elmore's third trial and served as lead attorney on Elmore's PCR." ECF No. 42 at 6. Plaintiff acknowledges that Defendant Zelenka was "somewhat of a latecomer" to his prosecution and became involved in his trial after Plaintiff's arrest. *See id.* Additionally, in his Amended Complaint, Plaintiff claims Defendant Zelenka, at all times relevant to the Amended Complaint, "was an Assistant Deputy Attorney General for the State of South Carolina and active in the Elmore trials and post-conviction relief proceedings." ECF No. 5 ¶ 29. Although Zelenka was not involved in Plaintiff's first two trials, he was involved in the direct appeals, the third criminal trial and the post-conviction proceedings; thus, his alleged decision to withhold exculpatory evidence falls squarely within his prosecutorial role as advocate for the State. Accordingly, Zelenka is entitled to absolute immunity for the § 1983 allegations arising out of withholding exculpatory evidence. Therefore, the undersigned recommends the court grant Defendant Zelenka's Motion to Dismiss based on absolute prosecutorial immunity concerning those actions.

> 2. Investigatory, Administrative, and Ministerial Role/Adoption of Civil Conspiracy

In his Amended Complaint, Plaintiff alleges Defendant Zelenka acted in an "investigative capacity." ECF No. 5 at 40. Moreover, Plaintiff argues Defendant Zelenka was

part of a civil conspiracy because he adopted "acts that are clearly unrelated to the prosecution of Elmore's case, such as the fabrication of evidence against [him] prior to the probable cause hearing and the obfuscation of facts in order to obtain an arrest warrant." ECF No. 42 at 6.

The undersigned recognizes there are certain exceptions to absolute immunity. In *Burns*, for example, the Court found a prosecutor's actions in advising police prior to an arrest was not afforded absolute immunity. *See* 500 U.S. at 491 (holding absolute immunity is afforded to those acting as an advocate of the state rather than acting as an administrator or investigative officer). Additionally, the *Buckley* Court held that a prosecutor is not afforded absolute immunity when acting in the "detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested." 509 U.S. at 273.

Here, Plaintiff does not maintain that Defendant Zelenka took any action prior to his arrest or during the State's investigation. Rather, he argues only that Defendant Zelenka adopted actions taken by others in furtherance of a civil conspiracy. Regardless of whether Defendant Zelenka's acts were taken in furtherance of a conspiracy, Defendant Zelenka at all times acted as an advocate of the State during the judicial stage of the criminal and post-conviction process. Moreover, Plaintiff cannot side-step the absolute immunity afforded Zelenka against these claims by including them in a conspiracy cause of action:

> It would be cold comfort for a prosecutor to know that he is absolutely immune from direct liability for actions taken as prosecutor, if those same actions could be used to prove him liable on a conspiracy theory involving conduct for which he was not immune. "[T]he vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system" would be unduly chilled. *Imbler v. Pachtman*, 424 U.S. 409, 427–28, 96 S.Ct. 984, 993–94, 47 L.Ed.2d 128 (1976). That is why acts for which a prosecutor enjoys absolute immunity may not be

12

> considered as evidence of the prosecutor's membership in a conspiracy for which the prosecutor does not have immunity.

*Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1282 (11th Cir. 2002); *see also Rehberg v. Paulk*, 611 F.3d 828, 842 (11th Cir. 2010) (noting prosecutor entitled to absolute immunity for the pre-indictment conduct of conspiring to make up and present false testimony to the grand jury, when the evidence of the prosecutor's involvement in the alleged conspiracy was the testimony before the grand jury, which is itself entitled to absolute immunity); *Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 579-80 (8th Cir. 2006) (finding prosecutor is absolutely immune from a civil conspiracy charge when his alleged participation in the conspiracy consists of otherwise immune acts).

Though Plaintiff characterized Defendant Zelenka's actions as "investigative [and] administrative or ministerial acts," he fails to allege with specificity what "illicit acts" Defendant Zelenka took that were "non-prosecutorial" in nature. Accordingly, the undersigned recommends the court grant Defendant Zelenka's Motion to Dismiss concerning Plaintiff's allegations that he acted in an investigative, administrative, or ministerial function or as part of a civil conspiracy.

### 3.  Delay in Plaintiff's Release

Finally, Plaintiff argues that Defendant Zelenka conspired with others "to delay [Plaintiff's] release for as long as possible by filing frivolous State and Federal motions and otherwise delaying [Plaintiff's] bond hearing." ECF No. 5 ¶ 153.

In its opinion reversing the district court's judgment denying habeas relief, the Fourth Circuit Court of Appeals remanded Plaintiff's case "for the court to award [him] a writ of habeas corpus unless the State of South Carolina endeavors to prosecute him in a new trial within a reasonable time." *Elmore v. Ozmint*, 661 F.3d 783, 786 (2011). Defendant Zelenka

is entitled to absolute immunity for any post-trial motions. Clearly, Defendant Zelenka was still acting as an advocate for the State by filing motions as part of the judicial process. *Carter*, 34 F.3d at 263 ("In these post-trial motions and preparations for appeal, Burch was still functioning as an advocate for the State, and not in an investigatory capacity."). The undersigned recommends the court grant Defendant Zelenka's Motion to Dismiss based on his absolute immunity for his role subsequent to the Fourth Circuit's decision.

        C. Defendant Zelenka's Claim of Absolute Immunity under the South Carolina Tort Claims Act ("SCTCA")

Defendant Zelenka also maintains that he has immunity under section 15-78-60(1)-(2) of the South Carolina Code as to Plaintiff's state law civil conspiracy claim. ECF No. 31 at 10. Moreover, Defendant maintains section 15-78-60(1)-(2) completely bars a plaintiff from bringing such a suit against the public entity or its prosecutors acting within the scope of their employment. *Id.*

The undersigned finds Defendant Zelenka is also immune from suit for Plaintiff's state law civil conspiracy claim. The SCTCA "is the exclusive civil remedy available for any tort committed by a government entity, its employees, or its agents except as provided in § 15–78–70(b)." *Wells v. City of Lynchburg*, 501 S.E.2d 746, 749 (S.C. Ct. App. 1998) (citing S.C. Code Ann. § 15-78-20). However, section 15–78–20(b) of the SCTCA expressly preserves all existing common law immunities. Applying these principles, the South Carolina Court of Appeals has held that "a prosecutor in the employ of this state is immune from personal liability under § 1983 or the South Carolina Tort Claims Act for actions relating to the prosecution of an individual as a criminal defendant—regardless of the prosecutor's motivation—provided the actions complained of were committed while the prosecutor was

acting as an 'advocate,' as defined by *Imbler v. Pachtman* and its progeny." *Williams v. Condon*, 553 S.E.2d 496, 509 (S.C. Ct. App. 2001).

Plaintiff's state law civil conspiracy claim against Zelenka is based upon the same actions alleged by Plaintiff with respect to his § 1983 conspiracy cause of action. *See* ECF No. 5 ¶ 189 ("In support of this conspiracy, Defendants engaged in the overt acts set forth above in Cause of Action II [Conspiracy under § 1983], Paragraph 169."). Plaintiff argues that his allegations against Zelenka involve activities outside the scope of his official duties[5] and, thus, fall outside the protections of the SCTCA. *See* S.C. Code Ann. § 15-78-70(b) ("Nothing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude."). Nevertheless, regardless of whether the alleged actions of Zelenka fall within or outside the scope of his employment, the absolute immunity protecting Zelenka from suit arises not from the SCTCA but from common law as discussed above. As recognized in *Williams*, "the *O'Laughlin* Court clearly stated that the provisions of the Tort Claims Act do not supplant common law immunity doctrines. Prosecutorial immunity is a common law immunity doctrine. Accordingly, we find that the Circuit Court properly dismissed the claims Williams instituted pursuant to this act against the prosecutors in their individual capacities" based upon common law prosecutorial immunity. 553 S.E.2d at 508 (citing *O'Laughlin v. Windham*, 498 S.E.2d 689 (S.C. Ct. App. 1998)). Likewise, Plaintiff's civil conspiracy allegations arise from Defendant Zelenka's role as an advocate of the State. This claim is barred by absolute immunity as well.

---

[5] However, in his Amended Complaint, Plaintiff specifically alleges that Zelenka is named in his individual capacity for actions taken "within the scope of his employment." ECF No. 5 ¶ 29.

Here, Plaintiff raised civil conspiracy and defamation under state common law. ECF No. 5. Plaintiff has dismissed his cause of action for defamation against Defendant Zelenka, leaving civil conspiracy as the only common law cause of action. ECF No. 42 at 15. Therefore, with regard to Plaintiff's cause of action for common law civil conspiracy, the undersigned recommends granting Defendant Zelenka's Motion to Dismiss because he is entitled to absolute immunity.

V.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendant Zelenka's Motion to Dismiss, ECF No. 31, be *granted* and that Plaintiff's causes of action against Defendant Zelenka be dismissed with prejudice.

IT IS SO RECOMMENDED.

June 27, 2014                                                         Kaymani D. West
Florence, South Carolina                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**