UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edward Lee Elmore, | ) | Civil Action No.: 3:13-cv-01755-TLW-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | |
| City of Greenwood, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a former state prisoner, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court[1] on Judge Wooten's Remand of an Order issuing sanctions. ECF No. 144. There, Judge Wooten found that Plaintiff's Objections, filed in Response to the undersigned's sanctions order, were "in the nature of a motion for reconsideration." *Id.* Upon remand, the undersigned instructed Defense Counsel file an affidavit of costs in compliance with ECF No. 125 when appropriate. ECF No. 147. The clerk issued a Notice of Sanctions Hearing after Defense Counsel filed an affidavit of costs. ECF Nos. 150, 155. A Response to Defendants' Affidavit of Costs was filed on June 10, 2015. ECF No. 164. The Sanctions Hearing convened on June 17, 2015, as noticed. Having considered the parties' arguments as well as their briefs and related filings, the court withdraws its previously imposed monetary sanction.

I.      Procedural Background

A dispute arose in this case over the scheduling of depositions of Defendants Coursey, Johnson, and Henderson. The parties were unable to agree on a date and time for these depositions, and pursuant to the scheduling order in this case, on March 24, 2015, Defense

---
[1] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(f), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983.

Counsel Davidson ("Davidson") requested a telephone conference. ECF No. 107. In his letter Davidson provided information, including emails between counsel, regarding counsel's attempts to come to an agreement on dates and their inability to reach an agreement. On Wednesday, March 25, the court received a letter from Plaintiff's Counsel Horne ("Horne") providing a timeline that demonstrated counsels' attempts at scheduling the depositions. ECF No. 109.

On March 26, 2015, the court held a teleconference with counsel. ECF No. 110. During the teleconference, Horne was emphatic that she did not want to delay the depositions of these parties because of the approaching discovery deadline. Davidson was concerned more with the location of the proposed depositions and wanted them held in Greenwood as opposed to Columbia. On the same day as the teleconference, the undersigned issued an order, *see* ECF No. 110, instructing that the depositions of Coursey and Johnson go forward on the date requested by Plaintiff—March 31, 2015—but in Greenwood rather than Columbia. The undersigned instructed that the deposition of Henderson go forward on April 2, 2015, in Columbia—again, the date requested by Plaintiff. *See id.*

On Tuesday, April 7, 2015, a week after the court-ordered depositions of Coursey and Johnson, Davidson sent a letter to the court requesting another telephone conference regarding the depositions of these parties. ECF No. 113. This request for a conference was prompted by an email he received from Horne on April 6, 2015, asking all counsel to confirm a date of April 23, 2015, for the depositions of Coursey and Johnson. *Id.* In his letter Davidson informed the court that, pursuant to the court's order, he had secured a location for the Coursey/Johnson depositions and made his clients available for the March 31, 2015 depositions. *Id.* The day before the scheduled depositions, Horne contacted his office and advised that they were "postponing" the scheduled depositions, and if they decided to go forward with them in the future they would

coordinate with everyone. ECF No. 113-1. Defense Counsel DeMasters ("DeMasters") responded to Horne's letter that same day and informed her that despite his client's conflicts with the depositions, as ordered by the court they had changed their schedules to be available on March 31. ECF No. 113-2. DeMasters informed Horne that they planned to abide by the court's order and, if Plaintiff chose not to, that was her prerogative. *Id.* Finally, DeMasters asked Plaintiff's counsel to confirm if she wished to cancel the depositions. *Id.* Horne responded the same day, March 30, 2015, and reiterated that she was postponing the scheduled depositions. ECF No. 113-3. Additionally, Horne indicated:

> After further review and preparation over the weekend, we have determined that proceeding with the depositions of James Coursey and Alvin Johnson are not necessary at this time. We have not ruled out the necessity for their deposition at a later date which is why we notified everyone that we are postponing their depositions scheduled for March 31, 2015, and advised that we would coordinate rescheduling should we determine the necessity of same.
>
> If you are taking the position that our decision to postpone our depositions is somehow a violation of Judge West's Order please so advise so that a telephone conference with Judge West can be requested. While it is our position that these discovery issues should be handled between our offices rather than involving and wasting the court's time, we will seek the court's intervention and interpretation if necessary.

*Id.* Thereafter, the depositions did not proceed as instructed by the court.

In the April 7, 2015 letter to the court, Davidson stated that he received an email on April 6, 2015 requesting rescheduling of Defendants Coursey and Johnson's depositions. ECF No. 113; 113-4. He represented to the court that he informed Plaintiff's counsel the next day that he did not agree to rescheduling the depositions of Defendants Coursey and Johnson because the depositions had been ordered to be held on March 31, 2015, and Horne had declined to proceed as instructed. *Id.* Horne disagreed. *Id.* On April 8, 2015, Horne contacted the court in response to Davidson's letter requesting a second telephone conference. ECF No. 119. In her letter Horne

3

stated that they did not believe they had violated the court's order by deciding to postpone the scheduled depositions. *Id.* Furthermore, Horne stated that during the weekend prior to the scheduled depositions Plaintiff's attorneys determined it was not in their client's best interests to proceed with the March 31, 2015 depositions. *Id.* She stated that since April 1, 2015, there had been five depositions taken and, as a result of information provided during those five depositions, they noted a "substantial amount of contradictions and discrepancies" and therefore determined "with NO uncertainty, that it is absolutely necessary and crucial" that the depositions be rescheduled. *Id.*

During depositions on April 2, 2015, Horne discussed with DeMasters the taking of the Coursey/Johnson depositions on April 23, 2015, but did not hear from anyone confirming that date. *Id.* At the deposition of Ms. Holt on April 7, Davidson advised he was not going to make Defendants Coursey and Johnson available at any time. *Id.* Accordingly, Horne asked that the court allow them to schedule and take the depositions. *Id.* So, incredibly, the court was back at square one on an issue it had resolved two weeks earlier.

On April 9, 2015, the court issued another order, ECF No. 121, instructing that Plaintiff's counsel provide a memorandum to the court for in-camera review outlining the discrepancies in the testimony that would provide some insight into why testimony from these witnesses was "crucial" to Plaintiff's case. After Plaintiff's counsel provided the requested memo, on April 14, 2015, the court issued an order allowing the depositions of Coursey and Johnson to proceed. ECF No. 125. However, due to Plaintiff's counsel's failure to comply with the March 26, 2015 order, the court ordered that Plaintiff's counsel pay "the reasonable attorney's fees defense counsel incurred as a result of having to reschedule the March 31 depositions, and the reasonable expenses of the deponents and attorney's fees incurred at the taking of their depositions." *Id.*

4

Plaintiff's attorneys then hired attorneys to represent them on the sanctions issue. Plaintiff's Counsel Simmons ("Sanctions Counsel") filed an objection to the undersigned's order imposing sanctions, ECF No. 132. The objection was referred to the District Judge assigned to this case who determined the objections were in the nature of a motion for reconsideration and remanded the matter. ECF No. 146. Under the rubric of imposing sanctions, the undersigned should have allowed the parties notice and opportunity to be heard. Therefore, the court instructed defense counsel file an affidavit of costs, allowed Plaintiff's counsel to file a response to the affidavit of costs, and noticed a hearing on sanctions in order to "give both parties the opportunity to be heard on whether sanctions should be imposed and, if so, the appropriate amount." ECF No. 147. The hearing convened on June 17, 2015.

II.     Standard of Review

The Fourth Circuit has held a motion to reconsider should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *see also Dash v. Mayweather*, No. C/A 3:10-1036-JFA, 2010 WL 3606829, at *1 (D.S.C. Sept. 13, 2010).

III.    Authority to Issue Sanctions Sua Sponte

Sanctions Counsel maintains that the undersigned does not have the authority to issue sua sponte sanctions in this instance. To support this proposition, Plaintiff relies on the case of *Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812, 816 (4th Cir. 2004), in which the Fourth Circuit vacated sanctions. Counsel argues *Cromer* is of a "similar context." There, after entering a settlement agreement Cromer, appearing pro se before the magistrate judge, filed a "motion for relief from judgment" and numerous other motions despite the magistrate judge's

Order instructing him to cease filing motions or other documents. There, the magistrate court imposed:

> (1) "criminal sanctions" in the form of "incarceration for the remainder of the day of the hearing" (which amounted to approximately 90 minutes imprisonment), a fine of $1,500, and a special assessment of $10; (2) a "civil sanction" in the form of $1,500 for defendant's attorneys' fees; and (3) a prefiling injunction enjoining Cromer from making "*any and all* filings in this case" and "any filing in any other, unrelated case [without permission]."

*Id.* (emphasis in original). The Fourth Circuit held that in a criminal contempt situation a magistrate judge could order a fine *or* imprisonment and should have informed Cromer of his right to counsel. *Id.* at 820-21. Moreover, the Fourth Circuit focused its analysis on the differences between criminal and civil contempt and held that Cromer's criminal contempt conviction should be vacated because "the judge imposed the sanction without the procedural safeguards necessary prior to the imposition of criminal penalties." *Id.* at 822-23.

*Cromer* and this case are distinguishable in many ways. Notably, Cromer appeared pro se and was sanctioned with fines, attorney's fees, imprisonment, and a pre-filing injunction. Here, the undersigned imposed only monetary sanctions under Federal Rule of Civil Procedure 37(b)(2)(C). However, by issuing sanctions pursuant to Rule 37, the undersigned effectively issued a criminal contempt sanction against Plaintiff's counsel. *See Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 42 (4th Cir. 1995) ("This court has recognized that a Rule 37 fine is effectively a criminal contempt sanction, requiring notice and the opportunity to be heard."). Therefore, the court should have given Plaintiff's counsel notice of the sanction and an opportunity to be heard on whether it should be imposed prior to issuing the April 14, 2015 order. *See id.* Accordingly, on remand, the undersigned instructed that the parties make certain filings and instructed the clerk to issue a Notice of Sanctions Hearing.

However, contrary to Plaintiff's assertion, the *Cromer* case in no way stands for the proposition that the undersigned cannot issue sanctions, including monetary sanctions, on its own volition. Though the *Cromer* court noted that "the judge took it upon himself to award [] attorney's fees without an indication that [defendant] sought such a remedy," the court did not hold that the magistrate judge could not issue sanctions on its own accord. *Id.* at 822. The plain language of Rules 16(f) and 37(b) of the Federal Rules of Civil Procedure allow, and even require, that the court impose sanctions, including monetary sanctions, when a party disobeys a court order.

> Specifically, Rule 16(f) provides:
>
> (1) In General. **On motion or on its own**, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
> (C) fails to obey a scheduling or other pretrial order.
> (2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses-- including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

(emphasis added); *see also Bacher v. Actavis Totowa, LLC*, No. CIV A 2:09-CV-00621, 2009 WL 5170183, at *2 (S.D.W. Va. Dec. 18, 2009) ("As noted in the text of [Rule 16], the court is authorized to impose sanctions on a *sua sponte* basis.") (citing 6A Charles A. Wright *et al., Federal Practice & Procedure,* § 1531 (2d ed. 1990) ("Indeed, the court may seek sanctions on its own motion, although if it does so, the court should be sure to provide notice and an opportunity to be heard to the party to be sanctioned."))

> Rule 37(b)(2)(A) provides:
>
> If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit

7

> discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> Additionally, Rule 37(b)(2)(C) provides:
>
> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Case law indicates that the court can act on its own motion under Rule 37 as well. *See e.g., Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13-CV-658, 2014 WL 4809842, at *6 (E.D. Va. Sept. 25, 2014) ("[T]he Court agrees that it has discretionary authority to award reasonable expenses under Rule 37 *sua sponte,* as the Court did with respect to Flame's fourth motion to compel. FBP has not contested the point, and for good reason. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 42 n.8, (1991) (listing a number of Federal Rules of Civil Procedure which 'provide for the imposition of attorney's fees as a sanction,' including Rule 37, and holding that "[t]he court generally may act *sua sponte* in imposing sanctions under the Rules.").

Outside the Rules, the court also has the inherent authority to sua sponte issue sanctions. *See e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764-65 (1980); *Kilborn v. Bakhir*, 70 F. App'x 692, 693 (4th Cir. 2003). Moreover, the Fourth Circuit has held that "a district court exercising its inherent authority to impose sanctions may do so *sua sponte* and must consider the whole of the case in choosing the appropriate

sanction." *Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 375 (4th Cir. 2013). Therefore, contrary to Plaintiff's assertion, the undersigned has authority to impose sanctions on its own motion. As will be more thoroughly discussed in the following section, certain factors must be considered prior to the court imposing sanctions of attorney's fees. However, consideration of those factors is separate from whether the court can act sua sponte.

IV.     Reconsideration of Sanctions

In the undersigned's April 14, 2015 order, the court imposed sanctions pursuant to Rule 37, which allows for several types of sanctions for a party's failure to comply with a court order. Initially, the court notes that Sanctions Counsel never concedes non-compliance. Rather, Sanctions Counsel maintains that "Plaintiff's counsel, who had noticed the depositions, held a good-faith belief that those depositions were likely unnecessary and thus sought to put the depositions on hold. Thus, Plaintiff's counsel did their best to ensure compliance with the Magistrate Judge's order. . . ." ECF No. 132 at 5; *see also* ECF No. 164 at 4 ("Plaintiff's counsel made a good-faith effort to comply with the Court's March 26, 2015 Text Order."). During the June 17, 2015 Sanctions Hearing, when Sanctions Counsel was asked directly whether Plaintiff's Counsel "did not disobey" the Order, Sanctions Counsel responded, "Yes, under the circumstances." Specifically, Sanctions Counsel argued that the Order would have been disobeyed had the court instructed that Plaintiff or Plaintiff's witness be produced on a specific date, and thereafter, no one appeared. Sanctions Counsel argued that "this is a sharp contrast."

Sanctions Counsel appears to be making an argument more appropriate for a violation under Rule 37(d) (regarding a party's failure to attend its own deposition or answer discovery) not, as the court found, under Rule 37(b) (regarding failure to comply with court order). Plaintiff was specifically instructed to appear in Greenwood on March 31, 2015, for the depositions of

9

Defendants Coursey and Johnson. The court scheduled these depositions at the specific request and insistence of Plaintiff's Counsel over Defense Counsel's objection during the March 26, 2015 teleconference. Nevertheless, Plaintiff cancelled the depositions one day before the scheduled date. Plaintiff maintains that there was a good faith effort to comply with the Order because there was a good faith belief that the depositions would not be necessary. According to Plaintiff's Counsel, two days following the March 26 teleconference, Plaintiff's Counsel reviewed deposition and PCR testimony. Based on this review, Plaintiff's Counsel determined that taking the depositions of these Defendants may not be necessary. The testimony Plaintiff's Counsel reviewed was most certainly available for review prior to the March 26, 2015 teleconference. The undersigned is sensitive to the many demands of litigation. However, Counsel should have determined whether these depositions were in fact "necessary and crucial" before insisting the deposition be taken on a certain date and asking for a specific order from the court.[2]

The court expressly finds that Plaintiff's Counsel was noncompliant with its March 26, 2015 Order. Scheduling a court reporter, traveling to Greenwood, and deposing Defendants would have complied with the Order. Had something beyond their control somehow prevented Plaintiff's Counsel from appearing for these depositions, only then would Plaintiff have made a good faith effort to comply with the court's order. Having determined that Plaintiff's Counsel was non-compliant, the undersigned turns to the four factors for consideration when determining sanctions.

The following four factors must be considered when determining what sanctions to impose under Rule 37: "(1) whether the non-complying party acted in bad faith, (2) the amount

---

[2] The court declines to make a finding as to whether counsels' inability to resolve the scheduling issue was due to litigation strategy, perceived zealous advocacy, or simple intransigence, but notes its chagrin in counsels' inability to resolve the issue without the court's involvement.

of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). "A district court must consider all of these factors; however, no one factor is dispositive." *Cox v. Deal*, No. CIV. 2:09-CV-2715, 2011 WL 3418397, at *5 (D.S.C. Aug. 3, 2011).

Factors one and two weigh in favor of Plaintiff. The court does not find that Plaintiff acted in bad faith nor does it find that Defendants suffered undue prejudice from Plaintiff's non-compliance. However, factors three and four weigh in favor of awarding fees and costs. The undersigned finds that there is great need to ensure compliance with court orders. Moreover, the undersigned found initially that monetary sanctions were the least drastic sanctions under the rule.

Prior to the hearing, the court considered factor four—whether less drastic sanctions would have been effective. Initially, the court considered prohibiting Plaintiff's Counsel from moving forward with the depositions at all. However, in an effort to allow Plaintiff Elmore to obtain discovery while still imposing some sort of sanction on Plaintiff's Counsel, the court thought it more prudent to instruct Plaintiff's Counsel to pay the associated costs for the rescheduled depositions should they go forward. Prior to the Sanctions Hearing, the court was prepared to enforce the previously imposed sanction. In considering the fourth factor, the court found that monetary sanctions were the least drastic sanctions that were available under Rule 37(b). Therefore, the court determined that based on Plaintiff's Counsel's non-compliance, monetary sanctions were appropriate under the circumstances.

However, based on the assertions of Counsel during the hearing, the court has reconsidered and now withdraws the April 14, 2015 monetary sanctions. During the Sanctions

11

Hearing, Defense Counsel Davidson consented to the court's not imposing monetary sanctions. Additionally, the parties agreed to make an effort to conduct themselves in a more civil and cooperative fashion during the remaining course of the litigation. Based on the new representations from both parties and the undersigned's failure to initially provide notice and a hearing before imposing sanctions, the court reconsiders and withdraws the previously imposed monetary sanctions against Attorneys Horne and Butcher.

V.      Conclusion

Based on the above analysis, the court reverses its April 14, 2015 Order. ECF No. 125. However, non-cooperation during discovery frustrates and prolongs the litigation process, while unnecessarily adding to the costs of litigation. Not only has the issue before the court resulted in cost and delays to the parties, it has also resulted in needless expenditure of the court's already strained resources to get involved in the *scheduling* of depositions. Should parties ask that the court intervene in a discovery dispute, the court expects that the order resolving the dispute be followed. All parties in this action are hereby on notice that failure to abide by this court's orders will not be tolerated by the court. In the future, the court will impose monetary or other sanctions on a non-compliant party or counsel whether under the plain language of the rules or through the court's inherent authority.

**IT IS SO ORDERED.**

June 23, 2015                                                                                                  Kaymani D. West
Florence, South Carolina                                                                       United States Magistrate Judge